IN THE UNITED STATES DISTRICT COURT
EASTER DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK CONNER, DAVID WEAVER, JASON TETIDRICK, DON BROWN, TIM JOST and DANIEL J. SINCLAIR, in their representative capacities as Trustees of the District No. 9, International Association of Machinists and Aerospace Workers Pension and Welfare Trusts,<br><br>              Plaintiffs,<br><br>vs.<br><br>GEBCO MACHINE, INC.,<br>an Illinois corporation,<br><br>              Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs, Mark Conner, David Weaver, Jason Tetidrick, Don Brown, Tim Jost and Daniel J. Sinclair in their representative capacity as trustees of the District No. 9, International Association of Machinists and Aerospace Workers Pension and Welfare Trusts, state as follows for their cause of action against defendant:

    1.    Jurisdiction of this cause of action and the parties to it is conferred upon this Court by Section 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185.  Jurisdiction of this cause of action and the parties to it is also conferred by Sections 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132(e)(1) and (f).  Venue in this Court is appropriate by virtue of Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

    2.    District No. 9, International Association of Machinists and Aerospace Workers ("District 9" or the "Union") is an unincorporated association comprised of persons employed in the

general business of machinists, aerospace workers, and related activities, and is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, as amended ("NLRA"), 29 U.S.C. §152(5), representing employees in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185.  The Union is an "employee organization" within the meaning of Section 3(4) of ERISA, 29 U.S.C. §1002(4), and maintains its principal offices within this judicial district.  The Union is and was at all times material here the collective bargaining representative of all employees in its bargaining unit employed by defendant.

3. The District No. 9, International Association of Machinists and Aerospace Workers Pension Trust ("Pension Trust") and the District No. 9, International Association of Machinists and Aerospace Workers Welfare Trust ("Welfare Trust") are employee benefit plans within the meaning of Sections 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§1002(3) and 1132(d)(1), and are multiemployer plans within the meaning of Sections 3(37)(A) and 515 of ERISA, 29 U.S.C. §§1002(37)(A) and 1145.  The Pension Trust and Welfare Trust are both administered from offices located at 12365 St. Charles Rock Road, Bridgeton, Missouri, located within this judicial district.

4. Plaintiffs Mark Conner, David Weaver, Jason Tetidrick, Don Brown, Tim Jost and Daniel J. Sinclair are the members of the Joint Board of Trustees of the Pension Trust ("Pension Trustees"), which Board administers the Pension Trust, and as such, are fiduciaries within the meaning of Sections 3(21)(A) and 502(a) of ERISA, 29 U.S.C. §§1002(21)(A) and 1132(a). Plaintiffs also are the members of the Joint Board of Trustees of the Welfare Trust ("Welfare Trustees"), which Board administers the Welfare Trust, and as such, are fiduciaries within the meaning of Sections 3(21)(A) and 502(a) of ERISA, 29 U.S.C. §§1002(21)(A) and 1132(a).

5. Defendant Gebco Machine, Inc. is and was at all times material here an employer within the meaning of Section 2(2) of the NLRA, 29 U.S.C. §152(a); and within the meaning of

Section 301 of the LMRA, 29 U.S.C. §185; and within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§1002(5) and 1145.

6. At all times material here, defendant has employed members of District 9 in the general business of machinists and/or related activities and has been engaged in an industry and/or activities affecting commerce within the meaning of Sections 2(6) and 2(7) of the NLRA, 29 U.S.C. §§152(6) and 152(7), and within the meaning of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§1002(11) and 1002(12).

7. At all times material here, defendant has been and is signatory to and bound by a collective bargaining agreement with District 9.

8. The Pension Trustees and the Welfare Trustees are third party beneficiaries of this agreement. By the terms of this agreement, defendant agreed to make contributions for pension and welfare benefits to the Pension Trustees and to the Welfare Trustees on behalf of the employees of defendant in the bargaining unit represented by the Union.

9. By the terms of the collective bargaining agreement, defendant agreed to make the required contributions to the Pension Trustees and to the Welfare Trustees for each employee employed on the first working day of the month, on or before the tenth day of that month.

10. In violation of the collective bargaining agreement between the Union and defendant and in violation of Section 515 of ERISA, 29 U.S.C. §1145, defendant has failed to make the required contributions to the Pension Trustees and the Welfare Trustees as such contributions have become due.

11. Plaintiffs have demanded the payments, to no avail.

12. Defendant owes the Welfare Trust at least $37,512.00 for failing to submit contributions for the period of November 2018 to the present. Defendant owes the Pension Trust

at least $30,279.50 for failing to submit all the contributions for the period of April 2018 to the present.

13. Pursuant to the collective bargaining agreements, defendant is obligated to pay all court costs and reasonable attorneys' fees incurred in the collection of delinquent amounts, plus interest on each delinquent contribution.

14. Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), provides that in an action such as this to enforce Section 515 of ERISA, 29 U.S.C. §1145, the Court shall award the unpaid contributions, plus interest on the unpaid contributions, plus an amount equal to the greater of the interest or liquidated damages in the amount set forth in the plan, plus reasonable attorneys' fees and costs. Section 12.04 of the District No. 9, International Association of Machinists and Aerospace Workers Pension Plan, to which defendant is bound, provides in part:

> In any legal action to collect delinquent employer contributions and/or withdrawal liability, the Trustees are authorized to recover liquidated damages in the amount of 20% of the principal amount due in addition to any other relief obtainable under the law, including but not limited to the remedies provided under Section 502(g)(2) of the Employee Retirement Income Security Act, as amended.

Additionally, Section 8.01 of the District No. 9, International Association of Machinists and Aerospace Workers Welfare Plan, to which defendant is bound, provides in part:

> In any such action to collect delinquent contributions, the Trustees are authorized to recover liquidated damages in the amount of 20% of the delinquent contributions in addition to any other relief obtainable under the law, including but not limited to, the remedies provided under Section 502(g)(2) of the Employee Retirement Income Security Act.

**WHEREFORE,** plaintiffs pray that the Court enter its order, judgment and decree against defendant awarding plaintiffs the following relief for their cause of action:

4

1.       $37,512.00 as and for actual damages sustained by the Welfare Trust for the period of November 2018 through February 2019, plus all unpaid amounts that will have become due subsequent to February 2019, if any, plus all amounts owed, if any, on unreported employees;

2.       $30,279.50 as and for actual damages sustained by the Pension Trust for the period of April 2018 through February 2019, plus all unpaid amounts that will have become due subsequent to February 2019, if any, plus all amounts owed, if any, on unreported employees;

3.       Liquidated damages at the rate of 20% of the principal amount due;

4.       Interest at the maximum lawful rate on each unpaid contribution computed from the due date of each unpaid contribution as provided by 29 U.S.C. §1132(g)(2), plus liquidated damages as provided by the above-referenced Pension Plan and Welfare Plan and by 29 U.S.C. §1132(g)(2);

5.       Reasonable attorneys' fees and court costs incurred in this action;

6.       An order requiring defendant to make, in timely fashion, all contributions to the Pension Trust and to the Welfare Trust which come due subsequent to entry of judgment here.

Plaintiffs further pray that the Court make such further orders and grant such additional relief as may be appropriate, including, but not limited to, an audit or accounting of defendant's books and records, and such additional relief as may be appropriate under 29 U.S.C. §1132(a)(3).

Respectfully submitted,

HAMMOND and SHINNERS, P.C.
13205 Manchester Road, Ste. 210
St. Louis, Missouri 63131
(314) 727-1015 (Telephone)
(314) 727-6804 (Facsimile)
gcampbell@hammondshinners.com

/s/ Greg A. Campbell
GREG A. CAMPBELL, #35381MO
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

A copy of the foregoing has been served by certified mail, return receipt requested to the Secretary of Labor, United States Department of Labor, P. O. Box 1914, Washington, DC  20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, DC  20220, on March 6, 2019.

/s/ Greg A. Campbell